## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**COURT FILE NO.:**

WAYNE BOLLACKER,

    Plaintiff,

v.

OXFORD COLLECTION AGENCY, INC., a New York corporation,
d/b/a OXFORD MANAGEMENT SERVICES,

    Defendant.

---

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and pursuant to 28 U.S.C. § 1367 for Plaintiff's claims under 47 U.S.C. § 227 et. seq. because they arise from a common nucleus of operative facts.

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 et. seq. ("TCPA").

### VENUE

3. Venue is proper in this District because the acts and transactions occurred here, the Plaintiff resides here, and the Defendant transacts business here.

## PARTIES

4. Plaintiff, Wayne Bollacker, is a natural person who resides in the City of Pueblo, County of Pueblo, State of Colorado.

5. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, Oxford Collection Agency, Inc. d/b/a Oxford Management Services is a New York corporation operating from an address at 135 Maxess Road, Melville, New York, 11747.

7. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. The Defendant is licensed as a collection agency by the state of Colorado.

9. The principal purpose of the Defendant is the collection of debts using the mails and telephone, and the Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

10. Sometime before December 2006 the Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely an amount due and owing on a personal account (hereinafter the "Account").

11. Due to circumstances beyond the Plaintiff's control the Account was not paid and it went into default with the creditor.

12. Sometime thereafter, the alleged debt was assigned, placed or otherwise transferred to the Defendant for collection from the Plaintiff.

## DEFENDANT

13. On or about June 2007 through August 2007 the Plaintiff received phone calls and voicemail messages from representatives, employees and / or agents of the Defendant who were attempting to collect the Account. The Plaintiff called the Defendant in response to the phone calls and voicemail messages. These phone calls and voicemail messages each individually constituted a "communication" as defined by FDCPA § 1692a(2).

14. During the phone calls on or about June 2007 through August 2007 representatives, employees and / or agents of the Defendant attempting to collect the Account repeatedly called the Plaintiff on his cellular phone including leaving messages for the Plaintiff on his cellular phone after the Plaintiff repeatedly told the Defendant to stop calling him on his cellular phone because the calls were interfering with his work. The Defendant continued to call the Plaintiff's cellular phone and leave messages for the Plaintiff attempting to collect the Account. Some of the above mentioned phone calls from the Defendant to the Plaintiff were from the Defendant's automated telephone dialing system. During several of the above mentioned phone calls the Defendant would leave an artificial or prerecorded voicemail message requesting the Plaintiff return the phone call to the Defendant. The Defendant did not have the prior express consent of the Plaintiff to make calls to him on his cellular phone using an automatic telephone dialing system or an artificial or prerecorded voice. These statements and actions constitute violations of the FDCPA including but not

limited to 1692c(a)(1), 1692d preface, d(2), 1692e preface, e(10) and 1692f preface. These actions constitute violations of the TCPA including but not limited to 227(b)(1)(A)(iii).

15. The foregoing acts and omissions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

16. The Defendant and its representatives, employees and / or agents above listed statements and actions constitute illegal communication in connection with debt collection and therefore violate FDCPA 1692c(a)(1).

17. The Defendant and its representatives, employees and / or agents above listed statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface and d(2).

18. The Defendant and its representatives, employees and / or agents above listed statements and actions constitute false or misleading representations and violate FDCPA 1692e preface and e(10).

19. The Defendant and its representatives, employees and / or agents above listed statements and actions involve unfair practices, false statements, humiliation and insults in collecting a debt and therefore constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

20. The Defendant's statements and actions as well as that of its representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying his alleged debt.

21. The Defendant's statements and actions as well as that of its representatives, employees and / or agents were willful, wanton and malicious violations of the FDCPA.

22. The Defendant's actions constitute multiple violations of TCPA § 227(b)(1)(A)(iii).

23. As a consequence of the Defendant's collection activities and communications, the Plaintiff has suffered economic loss, loss of self-esteem and peace of mind, and has suffered emotional distress, humiliation and embarrassment.

## RESPONDEAT SUPERIOR

24. The representatives and / or collectors at the Defendant were employees of and agents for the Defendant, were acting within the course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.

25. The actions of the representatives and / or collectors at the Defendant are imputed to their employer, the Defendant.

26. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

27. The previous paragraphs are incorporated into this Count as if set forth in full.

28. The acts and omissions of the Defendant and its representatives, employees and

/ or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692c(a)(1), § 1692d preface, d(2), § 1692e preface, e(10) and § 1692f preface.

29. The Defendant's violations are multiple, willful and intentional.

30. Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## **COUNT II, TCPA VIOLATIONS**

31. The previous paragraphs are incorporated into this Count as if set forth in full.

32. The acts and omissions of the Defendant and its representatives, employees and / or agents constitute numerous and multiple violations of the TCPA, including but not limited to § 227(b)(1)(A)(iii).

33. The Defendant's violations are multiple, willful and intentional.

34. Pursuant to TCPA section 227(b)(3)(B) the Plaintiff is entitled to statutory damages of $500.00 per violation.

35. Pursuant to TCPA section 227(b)(3)(B) and b(3)(C) the Plaintiff is entitled to statutory damages of $1,500.00 for each willful or knowing violation.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 USC § 1692k(a)(1).

2. Statutory damages under 15 USC § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 USC § 1692k(a)(3).

4. Statutory damages under 47 USC § 227(b)(3)(B) and b(3)(C).

5. Such other and further relief as the Court deems just and proper.

                                        Respectfully submitted,

                                        _s/ David M. Larson_____
                                        David M. Larson, Esq.
                                        Attorney for the Plaintiff
                                        405 S. Cascade Avenue, Suite 305
                                        Colorado Springs, CO 80903
                                        (719) 473-0006