IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01730-WDM-MEH

WAYNE BOLLACKER,

    Plaintiff,

v.

OXFORD COLLECTION AGENCY, INC., *et al.*,

    Defendant.

## ORDER SETTING ASIDE ENTRY OF DEFAULT

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendant OCA's Motion to Set Aside Clerk's Default [doc #9]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for disposition. For the reasons set forth below, the Defendant's Motion is **granted**.

## BACKGROUND

Plaintiff filed his Complaint on August 17, 2007, alleging violations of the Fair Debt Collection Practices Act and the Telephone Consumer Protection Act. Defendant was served by personal service upon an employee of Defendant's registered agent, Allen Stokes, Esq. on August 24, 2007. After Defendant failed to timely respond on September 13, 2007, Plaintiff filed a Motion for Clerk's Entry of Default on September 21, 2007. The Clerk of the Court entered default against Defendant on September 24, 2007. On October 12, 2007, Defendant filed the instant Motion to Set Aside Clerk's Default.

Defendant asserts, essentially, that while the Complaint and Summons were properly served on its registered agent in the Colorado office on August 24, 2007, the procedures for notification

were not followed and the company's general counsel in New York did not become aware of the litigation until October 1, 2007. Motion at 4. At that time, the general counsel immediately contacted Plaintiff's counsel in this case, then arranged to secure representation from Defendant's current counsel, who entered their appearance in this action on October 4, 2007. *Id.* at 4-5. Defendant argues that entry of default should be set aside because it acted unintentionally in failing to respond (and thus, did not engage in culpable conduct), and because it has meritorious defenses to Plaintiff's claims. *Id.* at 6.

In response, Plaintiff contends that Defendant's own admission that it received the Summons and Complaint in the Colorado office (in addition to receiving copies of the Motion for Entry of Default and the Clerk's Entry of Default) without timely responding demonstrates culpable conduct. Response at 1-2. Moreover, Plaintiff argues that Defendant has a history of failing to file responsive pleadings in FDCPA lawsuits, and provides copies of four orders entering default in federal courts in California and Michigan. *Id.* at 3-5. Consequently, Plaintiff states that Defendant has failed to demonstrate good cause under Fed. R. Civ. P. 55(c).

## DISCUSSION

**I.     Legal Standard for Setting Aside the Clerk's Entry of Default**

The decision to set aside an entry of default lies within the discretion of the trial court. *Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003). The entry of default may be set aside "for good cause shown." Fed. R. Civ. P. 55(c). This good cause standard under Rule 55(c) is a lesser standard than the excusable neglect standard required to obtain relief from judgment under Rule 60(b). *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997). The good cause standard is fairly liberal because "the preferred disposition of any case is upon its

merits and not by default judgment." *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). "For example, 'inadvertence,' if facts establishing it are shown, may provide an excuse legally sufficient to set aside a default entry under Rule 55(c)." *United States v. Topeka Livestock Auction, Inc.*, 392 F. Supp. 944, 950 (N.D. Ind. 1975) (citing *Teal v. King Farms Co.*, 18 F.R.D. 447 (E.D. Pa. 1955)).

To determine whether to vacate the clerk's entry of default, the Court may consider the following factors: (1) whether the Defendant's culpable conduct led to the default; (2) whether Plaintiff will be prejudiced by setting aside the entry of default; and (3) whether Defendant has a meritorious defense. *Gilmore v. Carlson*, 72 Fed. Appx. 798, 801 (10th Cir. Aug. 8, 2003). "A court need not consider all of the factors, and may consider other factors as well." *Guttman v. Silverberg*, 167 Fed. Appx. 1, 4 (10th Cir. Dec. 19, 2005) (citing *In re Dierschke*, 975 F.2d 181, 183-84 (5th Cir. 1992), *cert. denied* 2006 U.S. LEXIS 3460 (May 1, 2006)).

**II.     Setting Aside the Entry of Default is Proper in this Case**

First, culpable conduct typically involves a willful failure to respond. *United States v. Timbers Preserve, Rott County*, 999 F.2d 452, 454 (10th Cir. 1993). Conversely, courts have consistently held that an honest mistake by the Defendant does not represent a willful failure to respond. *See, e.g., Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002) (holding that default judgment may be set aside for "good cause, and upon a showing of mistake, or any other just reason"); *Ledbetter v. Kansas Dep't of Soc. & Rehab.*, No. 99-2261, 2000 U.S. Dist. LEXIS 1935 (D. Kan. Jan. 3, 2000) (concluding that a failure to respond was not willful when the defendant thought the plaintiff had not properly obtained service because "[a] good faith mistaken belief regarding procedural questions is generally not culpable conduct"); *Savin Corp. v. C.M.C. Corp.*, 98

F.R.D. 509, 510-11 (N.D. Ohio 1983) (finding that a mistake regarding the time to respond was not willful because the defendant "expeditiously moved to remedy his mistake").

Here, Defendant asserts that an oversight caused by a lack of communication between its Colorado office and its headquarters caused the failure to respond timely. Plaintiff argues it is undisputed that Defendant, through its registered agent, was properly served, and thus, Defendant has failed to show good cause. Following the reasoning in the cases cited above, the Court believes that Defendant has established there was an unintentional oversight in this matter, which does not constitute culpable conduct. Morever, Defendant filed the Motion to Set Aside the Clerk's Entry of Default only thirteen business days after default entered. This quick response to remedy its mistake does not evidence a desire to delay litigation, but rather, provides further support for Defendant's contention that its failure to respond was an oversight. *See Savin Corp.*, 98 F.R.D. at 511. This Court, therefore, concludes that Defendant's failure to defend against this lawsuit was not willful under the liberal standards of Rule 55(c).

Second, the Court finds no prejudice to Plaintiff in setting aside an entry of default this early in the case. *Currie v. Woods*, 112 F.R.D. 408, 410 (E.D.N.C. 1986) (finding no prejudice when the motion to set aside default was filed only eighteen days after default was entered). Defendant's counsel entered an appearance eight business days after the clerk's entry of default and filed the instant motion thirteen business days after the entry of default. Thus, the Court finds that this slight delay will not prejudice Plaintiff's ability to prosecute his case.

Third, Defendant must set forth with specificity a meritorious defense. *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978). "[T]he court examines the allegations contained in the moving papers to determine whether the movant's version of the factual circumstances surrounding the dispute, if

true, would constitute a defense to the action." *Id.*

In this case, Defendant "affirmatively denies that it called Plaintiff in June 2007 at all," that "Bollacker never directed OCA to stop telephoning him," and that "OCA has no indication that OCA ever called Bollacker on a cellular telephone." Motion at 6-7. Defendant claims that these denials go to the "heart" of Plaintiff's claims. *Id.* at 7. Without reaching the full merits of the defense, the Court recognizes that Defendant, at least, has articulated a valid argument to support a defense to Plaintiff's claims. Because Defendant has set forth specific allegations to support its defense, the Court believes that Defendant should have the opportunity to assert these defenses against Plaintiff's claims. *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951) (holding that any doubts regarding entry of default should be resolved in favor of the defendant).

In sum, the Court finds that Defendant's failure to respond resulted from an unintentional oversight, rather than any bad faith motive to delay litigation. In addition, Defendant quickly moved to set aside the entry of default such that setting aside default will not prejudice Plaintiff. Further, Defendant has put forth sufficient allegations to support meritorious defenses. Entry of default is a harsh sanction, contrary to the preferred policy of the resolution of disputes on the merits. *Rupliger v. Rains,* 946 F.2d 731, 732 (10th Cir.1991). Consequently, a default normally is appropriate only where the adversarial process has been halted because of an essentially unresponsive party. *Id.* Such is not the case here.

## CONCLUSION

Accordingly, the Court ORDERS that Defendant OCA's Motion to Set Aside Clerk's Default [filed October 12, 2007; doc #9] be **granted**. The Court believes that Defendant has satisfied the liberal requirements under Rule 55(c) to support setting aside the entry of default.

Dated this 5th day of November, 2007 in Denver, Colorado.

                                              BY THE COURT:

                                              s/ Michael E. Hegarty
                                              Michael E. Hegarty
                                              United States Magistrate Judge